## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| TEMPUR SEALY INTERNATIONAL, INC. and MATTRESS FIRM GROUP, INC., | |
| Plaintiffs, | Civil Action No._____ |
| vs. | |
| THE FEDERAL TRADE COMMISSION | **Complaint for Declaratory and Injunctive Relief** |
| and | |
| LINA M. KHAN, REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, MELISSA HOLYOAK, and ANDREW N. FERGUSON, in their official capacities as Commissioners of the Federal Trade Commission, | |
| Defendants. | |

The "judicial power of the United States" is vested exclusively in Article III courts. If this vesting means anything, it means that private rights—*i.e.*, those held individually and not at the whim of the government, like life, liberty, and property—can *only* be adjudicated by an Article III court.

The FTC flouts that constitutional requirement. It seeks to permanently block Tempur Sealy's proposed acquisition of Mattress Firm, voiding a private agreement between Plaintiffs for the transfer of property. It also seeks an order preventing either Tempur Sealy or Mattress Firm from entering into a merger

1

agreement with any other company for some indefinite "period of time," thus further restricting Plaintiffs' contract and property rights into the future. The FTC thus takes aim squarely at Plaintiffs' private rights to contract and to property via a competition claim. The substance of such claims have been adjudicated by *courts* for more than a century. Yet, the FTC brought its challenge to Plaintiffs' private rights in its own administrative proceeding. That administrative proceeding starts before an FTC employee (an administrative law judge) and ends with the same five Commissioners who voted to challenge Plaintiffs' merger in the first place. And it is an administrative proceeding in which, unsurprisingly, the FTC almost always wins. The Constitution requires more; it requires the FTC to bring its merger challenge in an Article III court.

Separately, the FTC had unfettered discretion to choose whether to bring its action in-house or in an Article III court. But whether to assign a case to agency adjudication is a legislative decision for which Congress provided no "intelligible principle," as required. This violates the Non-Delegation Doctrine.

The only remedy for these ongoing violations is a declaration and injunction from this Court, preliminarily and then permanently enjoining the FTC's unconstitutional proceedings.

## Parties

1.      Plaintiff Tempur Sealy is a publicly traded corporation headquartered in Lexington, Kentucky.

2.      Plaintiff Mattress Firm is a privately owned corporation headquartered in Houston, Texas.

3.      Defendant Federal Trade Commission is an agency of the United States government whose principal place of business is Washington, D.C.

4.      Defendant Lina M. Khan is the Chair of the Federal Trade Commission.  She was sworn in as Chair of the Commission on June 15, 2021.  She is being sued in her official capacity.

5.      Defendant Rebeca Kelly Slaughter is a Commissioner of the FTC.  She was sworn in as a Commissioner on May 2, 2018.  She is being sued in her official capacity.

6.      Defendant Alvaro Bedoya is a Commissioner of the FTC.  He was sworn in as a Commissioner on May 16, 2022.  He is being sued in his official capacity.

7.      Defendant Melissa Holyoak is a Commissioner of the FTC.  She was sworn in as a Commissioner on March 25, 2024.  She is being sued in her official capacity.

8.      Defendant Andrew N. Ferguson is a Commissioner of the FTC.  He was sworn in as a Commissioner on April 2, 2024.  He is being sued in his

official capacity.

## Jurisdiction and Venue

9.      Because this action arises under the Constitution and laws of the United States, this Court has jurisdiction under 28 U.S.C. § 1331.

10.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c)(2), (e)(1) because Plaintiff Mattress Firm resides in this district and no real property is involved in this action.

## Background

### I.    The FTC's Structure and Administrative Proceedings

11.      The Federal Trade Commission Act of 1914 established the FTC, an executive agency led by five Commissioners appointed by the President and confirmed by the Senate. *See* 15 U.S.C. § 41.

12.      The FTC is authorized to enforce Section 7 of the Clayton Act, which prohibits mergers that may substantially lessen competition. 15 U.S.C. §§ 18, 21(a).

13.      As discussed below, the U.S. Department of Justice is also empowered to enforce Section 7 of the Clayton Act.

14.      If the FTC believes that the merger will violate the antitrust laws, the Commissioners may, by majority vote, authorize the FTC to bring a suit challenging the merger.

15. To initiate that suit, the FTC must issue and serve a complaint stating its charges. *See* 15 U.S.C. § 45(b). As a matter of practice, the FTC typically does this by filing an Administrative Complaint in-house with one of its Administrative Law Judges ("ALJ"), who are employed by the FTC, pursuant to the FTC's own administrative rules.

16. If the FTC wants to preliminarily enjoin the merger while the administrative proceedings are ongoing, it must go to federal court and seek a preliminary injunction. 15 U.S.C. § 53(b).

17. Pursuant to the FTC's administrative rules, the ALJ will hold an administrative hearing, which can last up to 210 hours, and will then issue a "recommended decision" as to whether to block the merger. *See* 16 C.F.R. §§ 3.41(b), 3.51(a)(1). Thus, in the FTC's administrative proceedings, FTC employees both draft and resolve the charges brought against the parties to a merger agreement.

18. That "recommended decision" may then be appealed to the Commissioners, the same body that voted to issue the Administrative Complaint in the first place. *See* 16 C.F.R. § 3.54.

19. Unsurprisingly, the FTC is successful when proceeding before itself. The "FTC has not lost a single case in administrative proceedings in the past quarter-century." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 197, n.1 (2023) (Thomas, J., concurring).

20.     The final decision of the Commissioners is subject to very limited judicial review by a U.S. Court of Appeals, 15 U.S.C. § 45(b), where the court is "bound by the Commission's factual determinations so long as they are supported by such relevant evidence as a reasonable mind might accept as adequate. This is so even if suggested alternative conclusions may be equally or even more reasonable and persuasive." *Illumina, Inc. v. FTC*, 88 F.4th 1036, 1046 (5th Cir. 2023).

21.     The FTC is also authorized to sue directly in federal court to challenge a merger, rather than go through its own administrative process. 15 U.S.C. § 53(b).

## II.     The FTC Seeks to Block Tempur Sealy's Proposed Acquisition of Mattress Firm

22.     Tempur Sealy, a mattress manufacturer, entered into an agreement to acquire Mattress Firm, a mattress retailer. Like most vertical mergers, the proposed transaction is procompetitive. It will enhance competition, increase innovation, and reduce costs—all to the benefit of American consumers.

23.     In July 2024, the Commissioners voted to authorize the FTC to file an Administrative Complaint in-house seeking an administrative order permanently blocking the merger and indeed, blocking either Tempur Sealy or Mattress Firm from engaging in a merger with any "other company" without

FTC approval for an indefinite "period of time." *See In the Matter of Tempur Sealy International, Inc. et al*, Dkt. No 9433 (FTC).

24.    At the same time, the FTC filed a suit in this District seeking to preliminarily enjoin the acquisition pending resolution of the administrative proceedings. Compl., *FTC v. Tempur Sealy Int'l, Inc.*, No. 4:24-cv-02508 (S.D. Tex. July 2, 2024), ECF No. 1. The FTC has made its views of that case clear. "[T]he preliminary injunction proceeding will not require a decision as to whether Defendants' proposed acquisition actually violates Section 7 of the Clayton Act. Instead, that decision will be made in an administrative proceeding scheduled to begin on December 4, 2024."[1] Put differently, "the Commission [will] adjudicate the merger's legality in an administrative proceeding."[2]

25.    The preliminary-injunction hearing in federal court is set to begin on November 12, 2024. The administrative hearing is set to begin on December 4, 2024. Tempur Sealy and Mattress Firm have asked the Commission to continue that hearing until the federal court can decide the FTC's preliminary-injunction request.

---

[1] Joint Discovery & Case Mgmt. Plan 32, *FTC v. Tempur Sealy Int'l, Inc.*, No. 4:24-cv-02508 (S.D. Tex. July 22, 2024), ECF No. 46.

[2] *Id.* at 31.

## The FTC's Administrative Proceedings Violate the Constitution

**I.  The FTC is violating Article III by attempting to adjudicate Tempur Sealy's and Mattress Firm's private rights.**

26.     The separation of the legislative, executive, and judicial powers is essential to our system of government. Accordingly, Articles I, II, and III of the Constitution vest the legislative, executive, and judicial powers exclusively in three different branches.

27.     The exclusive vesting of the "judicial power" in Article III courts is particularly important. Article III has critical protections that guarantees the independence of the courts that are lacking elsewhere—say, in an in-house FTC proceeding overseen by an FTC employee, for example. For the Framers, ensuring judicial independence was critical.

28.     The Constitution thus requires that "judicial power" may only be exercised by Article III judges. Settled law requires that only the "judicial power" may resolve "private rights." This concept is understood to encompass rights belonging to individuals—like life, liberty, or property. Generally, unless the substance of a claim has an unbroken historical pedigree of being decided outside traditional courts—like immigration or patents, for example—the case presumptively must be decided by an Article III court. *See SEC v. Jarkesy*, 144 S. Ct. 2117, 2133–34 (2024); *id.* at 2147 (Gorsuch, J., concurring).

29.     Tempur Sealy and Mattress Firm have entered into a contract by which Mattress Firm will sell its property to Tempur Sealy. The FTC is attempting to void this agreed property transfer through a non-Article III administrative process.

30.     Indeed, the FTC goes further and seeks to restrict both Tempur Sealy and Mattress Firm from entering into any other such contractual property transfer with any *other* company for some indefinite period in the future.

31.     Contract and property rights are core private rights subject to suit at common law.

32.     Further, common-law courts were charged with deciding competition claims similar to the one the FTC asserts here long *before* the FTC even existed.

33.     Similarly, private plaintiffs may pursue similar challenges under the Clayton Act and those suits have long been adjudicated by juries in federal courts.

34.     Therefore, the substance of the FTC's claim does not have the required historical pedigree of being decided outside of a court to allow the FTC to sidestep Article III.

35.     Because the FTC's administrative proceeding seeks to adjudicate private rights in a non-Article III tribunal, the proceeding violates Article III.

## II.     The FTC's purported ability to choose whether to challenge the proposed transaction in an administrative proceeding or in an Article III court violates the Non-Delegation Doctrine.

36.     Each branch exercises its constitutionally assigned power exclusively.

37.     For that reason, Congress cannot delegate legislative power to an executive agency without an intelligible principle to guide the use of that legislative power.

38.     The power to assign disputes to agency adjudication is quintessentially legislative.

39.     The FTC Act purports to authorize the FTC to seek permanent injunctive relief against Tempur Sealy's and Mattress Firm's proposed transaction either in an Article III court *or* in the FTC's own in-house administrative proceeding.

40.     By contrast, DOJ is also empowered to challenge transactions under federal antitrust law, but DOJ must pursue such challenges only before an Article III court.

41.     The only guidance provided in the FTC Act is that the FTC should seek permanent injunctive relief from a court in "proper cases," a phrase devoid of any meaning and which the FTC has successfully argued to courts means nothing more than a case where the FTC has decided to sue in federal court.

42.    This "unfettered discretion" to the FTC violates the Non-Delegation Doctrine. *See Jarkesy v. SEC*, 34 F.4th 446, 461–463 (5th Cir. 2022).

**III.    Plaintiffs are entitled to injunctive relief.**

43.    Plaintiffs are likely to succeed on the merits. The FTC's administrative proceedings are a flagrant violation of constitutional principles, and other cases are currently pressing similar claims. *See* Compl., *Kroger Co. v. FTC*, No. 24-cv-438 (S.D. Ohio).

44.    Plaintiffs are currently being required to undergo an unconstitutional administrative proceeding. This is a "here-and-now injury" that constitutes irreparable harm. *See Axon*, 598 U.S. at 191. That injury is both ongoing and set to escalate in two months with the beginning of the administrative hearing.

45.    The FTC will face no hardship by being required to pursue their merger case in federal court. Indeed, they are already pursuing a preliminary injunction in federal court. And DOJ, which is tasked with enforcing the very same law, must always go to federal court to challenge a merger. By contrast, without an injunction, Plaintiffs will continue to undergo an irreparable hardship of being required to submit to an unconstitutional proceeding that seeks to restrict their contract and property rights.

11

46.     The public interest favors requiring government agencies to obey the Constitution. And it will not be harmed by requiring the FTC to follow the same process DOJ follows in enforcing the very same law.

## Claims

**Count I: The Administrative Proceeding Violates Article III.**

47.     Tempur Sealy and Mattress Firm incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

48.     Article III of the U.S. Constitution vests the judicial power of the United States in Article III courts.  At a minimum, cases involving private rights may not be heard in tribunals other than Article III courts.

49.     The FTC proceeding seeks to adjudicate core private rights, including Tempur Sealy's and Mattress Firm's contract and property rights.

50.     Because the proceeding is conducted by an administrative agency, not by an Article III court, the proceeding violates Article III.

51.     The remedy for this constitutional violation is to enjoin the unconstitutional administrative proceeding.

52.     This Court may grant the relief sought under the U.S. Constitution, the All Writs Act, 28 U.S.C. § 1651(a), and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201(a)–2202.

**Count II: The FTC's Ability to Proceed Either in an Administrative Proceeding or in Court Violates the Non-Delegation Doctrine.**

53.     Plaintiffs incorporate by reference and reallege each and every allegation contained above, as though fully set forth herein.

54.     Congress purported to give the FTC the choice to seek to permanently block a merger either through its own administrative proceedings or in federal court.

55.     This is a legislative choice for which Congress failed to provide an intelligible principle.

56.     This violates the Non-Delegation Doctrine.

57.     The remedy for this constitutional violation is to enjoin the unconstitutional administrative proceeding and require the FTC to seek any relief in court.

58.     This Court may grant the relief sought under the U.S. Constitution, the All Writs Act, 28 U.S.C. § 1651(a), and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201(a)–2202.

## **Prayer for Relief**

Tempur Sealy and Mattress Firm respectfully request that this Court enter an order and judgment in their favor and against Defendants:

a. Preliminarily and permanently enjoining the administrative proceeding against Tempur Sealy and Mattress Firm.

b.  Declaring that the administrative proceeding against Tempur Sealy and Mattress Firm violates Article III of the U.S. Constitution.

c.  Declaring that the FTC's purported ability to select whether to pursue permanent injunctive relief against Tempur Sealy and Mattress Firm in an administrative proceeding or an Article III court violates the Non-Delegation Doctrine.

d.  Awarding such other and further relief that the Court deems just and proper.

Dated:  October 4, 2024

Respectfully submitted,

/s/ Sara Y. Razi
Sara Y. Razi (*pro hac vice forthcoming*)
DC Bar No. 473647
**SIMPSON THACHER & BARTLETT LLP**
900 G Street, N.W.
Washington, D.C. 20001
Tel: (202) 636-5500
Fax: (202) 636-5502
sara.razi@stblaw.com

***Attorney-In-Charge for Mattress Firm Group Inc.***

/s/ Alex B. Roberts
Alex B. Roberts
Federal Bar No. 865757
Texas State Bar No. 24056216
aroberts@beckredden.com
**BECK REDDEN LLP**
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

***Attorney-In-Charge for Tempur Sealy International, Inc.***

14

*Of Counsel for Tempur Sealy International, Inc:*

Russell S. Post
Federal Bar No. 23206
Texas State Bar No. 00797258
rpost@beckredden.com
Garrett S. Brawley
State Bar No. 24095812
Federal Bar I.D. 3311277
gbrawley@beckredden.com
**BECK REDDEN LLP**
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

Ryan A. Shores (*pro hac vice forthcoming*)
D. Bruce Hoffman (*pro hac vice forthcoming*)
Daniel P. Culley (*pro hac vice forthcoming*)
Blair W. Matthews (*pro hac vice forthcoming*)
Jacob M. Coate (*pro hac vice forthcoming*)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2112 Pennsylvania Ave., NW
Washington, D.C. 20037
202-974-1500
bhoffman@cgsh.com
rshores@cgsh.com
dculley@cgsh.com
bmatthews@cgsh.com
jcoate@cgsh.com

Heather S. Nyong'o (*pro hac vice forthcoming*)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
650 California St.
San Francisco, CA 94108
415-796-4400
hnyongo@cgsh.com

15

***Of Counsel for Mattress Firm Group Inc:***

Abram J. Ellis (*pro hac vice forthcoming*)
D.C. Bar No. 497634
N. Preston Miller (*pro hac vice forthcoming*)
D.C. Bar No. 1021557
Lindsey C. Bohl (*pro hac vice forthcoming*)
D.C. Bar No. 1030505
**SIMPSON THACHER & BARTLETT LLP**
900 G Street, N.W.
Washington, D.C. 20001
Tel: (202) 636-5500
Fax: (202) 636-5502
aellis@stblaw.com
preston.miller@stblaw.com
lindsey.bohl@stblaw.com

Michelle E. Gray
State Bar No. 24078586
S.D. Tex. Bar No. 892270
Deborah C. Milner
State Bar No. 24065761
S.D. Tex. Bar No. 971677
**FOGLER, BRAR, O'NEIL & GRAY LLP**
2 Houston Center
909 Fannin Street, Suite 1640
Houston, TX 77002
(713) 481-1010
(713) 574-3224 (Fax)
mgray@foglerbrar.com
cmilner@foglerbrar.com